## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **KARINA ELIZONDO** § | | |
| Complainant, § | | |
| § | | |
| V. § | Civil Action No. 5:25-CV-00050 | |
| § | | |
| **CITY OF LAREDO, TEXAS** § | | |
| Respondent. § | JURY TRIAL REQUESTED | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Karina Elizondo, hereinafter called Plaintiff, complaining of and about the City of Laredo, Texas acting through its officials and administrators hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I. NATURE OF SUIT

**1.** Plaintiff Karina Elizondo hereby sues for discrimination based on sex (female), and for pregnancy discrimination in violation of the Family Medical Leave Act (FMLA), Title VII of the Civil Rights Act of 1964 (as amended by the Pregnancy Discrimination Act) 42 U.S.C. § 2000e *et seq*. Plaintiff was subjected to retaliation for exercising her rights under Title VII and the FMLA and was discriminated and retaliated against on the basis of her pregnancy and related medical conditions. This was a willful violation pursuant to 29 U.S.C. § 2617(c) *et*

*seq*. Plaintiff seeks attorney fees and costs under Title VII and the FMLA. Further, Karina Elizondo sues for violation of her First Amendment right to free speech. This claim is made actionable under the Fourteenth Amendment of the United States Constitution in accordance with 42 U.S.C. §1983 (violation of right to free speech) and under (the equal protection and due process provisions under Fourteenth Amendment); plaintiff also seeks attorney fees and cost pursuant to §1988.

## II. PARTIES AND SERVICE

2.      Plaintiff, Karina Elizondo, is an individual residing in Laredo, Webb County, Texas. Plaintiff may be served (except for citation, summons, or other compulsory process) care of undersigned counsel.

3.      Defendant City of Laredo is a municipality and political subdivision of the State of Texas and may be served with process by serving summons on the Laredo City Secretary's Office of said municipality as follows:

>Mario Maldonado, Jr.
>City Secretary
>City of Laredo
>1110 Houston Street, 3rd Floor
>Laredo, Texas 78040

Service on said Defendant as described above can be effected by personal delivery or private process server.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617 (FMLA), and 42 U.S.C. §2000e-5(f)(3) (Title VII) *et seq* as well as the anti-retaliation provisions of the Family Medical Leave Act (FMLA) 29 U.S.C. §2617(c) *et seq*; Plaintiff's First Amendment violation claims pursuant to 42 U.S.C. 1983 and attorney fees and costs pursuant to §1988. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. Venue is proper under 28 U.S.C. §1391(b) since both parties reside in Laredo, Webb County, Texas and all or a substantial part of the events giving rise to this action occurred in this city and county. Laredo is within the Laredo Division of the United States District Court for the Southern District of Texas.

## IV. CONDITIONS PRECEDENT

6. More than 180 days prior to the institution of this lawsuit, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission (EEOC) alleging discrimination based on her sex (female) and pregnancy and retaliation for having filed a prior charge with the EEOC/TWC-CRD and having participated as a witness in the EEO proceeding of a female co-worker.

7. Plaintiff received from the EEOC her Determination and Notice of Rights dated January 21, 2025 (received on January 24, 2025). Plaintiff has satisfied all conditions precedent to the filing of this lawsuit. This suit has been filed within 90

3

of plaintiff's receipt of the EEOC's Determination of Rights and Notice of Right to Sue and is, in all respects timely.

## V. **STATEMENT OF FACTS**

8. The City of Laredo has a long, documented history of discrimination against women in management positions. Plaintiff Karina Elizondo has unfortunately experienced this first hand. Ms. Elizondo was first employed by Defendant City of Laredo in or about August 2016. As a result of her hard work and demonstrated leadership she was appointed to serve as Interim Director of Animal Care Services (ACS) in or about 2020. Then on or about October 18, 2021 she was selected as the Director of the City of Laredo's Animal Care Services.

9. During her tenure as Director Plaintiff implemented new and improved procedures to better care for the animals and better serve the public. Director Elizondo dealt with resource constraints, staffing shortages, high intake rates, and long-standing compliance issues in effective innovated ways. Director Elizondo encouraged transparency in Animal Care Services (ACS) and all departments of the City of Laredo. Ms. Elizondo also negotiated service agreements with local veterinarians and other health care providers or vendors. ACS passed all state inspections under her leadership. Ms. Elizondo also applied for and received the first private sector grant for $75,000.00 for ACS. She received positive evaluations recognizing her strong work ethic and the innovations she initiated at ACS.

**10.** Then or about January 11, 2023, Plaintiff filed an ethics complaint against Acting City Manager, Rosario Cabello, as a result of Cabello's violations of city policy, and ethical misconduct and abuse of authority. This included the use of horrific gender slurs against plaintiff without any provocation or basis.

**11.** Following the filing of this ethics complaint, Plaintiff was subjected to adverse, and unlawful employment actions, including but not limited to:

    **(a)** Direct interference and intimidation by Assistant City Manager Steve Landin. Landin harassed Ms. Elizondo on a regular weekly basis and even sent pictures of himself to her;

    **(b)** ACS employees were reassigned to other departments without Elizondo's input in spite of existing staff shortages;

    **(c)** Direct interference and intimidation by City Attorney Doanh "Zone" T. Nguyen, who improperly contacted Plaintiff in an effort to persuade her to withdraw her ethics complaint against Rosario Cabello in violation of City policy and ethical rules and guidelines;

    **(d)** Suppression of Plaintiff's protected speech before the City Council on January 17, 2023 when City Attorney Nguyen ordered the removal of Elizondo's public comments from the record;

    **(e)** Plaintiff Elizondo was also targeted by City Officials as a result of Elizondo having participated in the investigation of a female co-worker's discrimination complaint;

    **(f)** Plaintiff Elizondo found it necessary to file her own complaint of sex discrimination on or about April 5, 2023;

    **(g)** As a result of these protected activities and others some of which are identified below, Karina Elizondo was noticed with her termination on November 11, 2023 with an effective date of January 19, 2024. Karina Elizondo was subjected to discrimination and retaliation in the terms and

conditions of her employment by the City of Laredo; and

**(h)** Karina Elizondo was subjected to a hostile work environment. Specifically, she experienced unwelcome conduct based on her gender, female, and because she was pregnant. The conduct of City officials such as Steve Landin, Rosario Cabello, Doanh T. Nguyen and others was so severe and pervasive that it altered the terms and conditions of her employment. She went out on medical leave on September 28, 2023 then was made to return to work early from her approved FMLA leave and upon return was noticed with her termination.

**(i)** The City of Laredo also denied her the right to select her department's leadership during her maternity leave.

**12.** Karina Elizondo's working conditions were unlawfully altered, including the unauthorized and retaliatory investigation of Plaintiff for alleged "harassment," and other pretextual claims. The City of Laredo interfered with her lawful exercise of Family Medical Leave Act (FMLA) rights.

**13.** On or about February 10, 2023, Defendant issued Plaintiff a 10-day suspension without pay under the pretext of "insubordination" solely for speaking to the media about matters of public concern, which is a constitutionally protected right under the First Amendment of the United States of America.

**14.** These adverse employment actions occurred within days and weeks of Plaintiff engaging in constitutionally protected activities, including the filing of her ethics complaint and participating as a witness in a female co-worker's discrimination complaint.

15. Plaintiff was subsequently terminated from her employment while on medical leave without justification, and in retaliation for her protected activity.

16. Similarly situated male employees, directors and managers who engaged in the same or similar conduct, including communicating with media on matters of public concern, were not subjected to suspension or termination. Moreover, similarly situated male employees have not been terminated while on approved medical leave.

17. Defendant's actions constitute a clear departure from lawful established policy and practice, and were motivated by discriminatory animus based on Plaintiff's sex and pregnancy and in retaliation for serving as a witness in the employment discrimination investigation of a female co-worker who had filed an EEO complaint against the City of Laredo. Karina Elizondo had also previously found it necessary to file an EEO complaint against the City of Laredo.

## VI. CAUSES OF ACTION

A. ***Discrimination Based on Sex and Pregnancy Pursuant to Title VII also known as the Civil Rights Act of 1964 or 42 U.S. C. §2000e(k) et seq***

18. Plaintiff incorporates the preceding and following paragraphs as if fully set forth herein.

19. The Defendant City of Laredo through its officials and administrative personnel engaged in unlawful employment practices in violation of 42 U.S.C.

§2000e *et seq* by discriminating against Plaintiff Karina Elizondo based on her sex and pregnancy and in retaliation for her testimony in a female co-worker's EEO complaint.

20. Defendant's conduct through the statements and actions of its officials, and administrators and employees resulted in the suspension, modification of working conditions, and eventual termination of Plaintiff's employment while she was eight months pregnant. These actions and others during Karina Elizondo's maternity leave were intended to harm her and perpetuate the City of Laredo's discrimination against women in management.

**B.     Retaliation**

21. Plaintiff incorporates the preceding and following paragraphs as if fully set forth herein.

22. Defendant City of Laredo through its officials, employees and agents retaliated against plaintiff Elizondo in violation of the Civil Rights Act of 1964, as amended as a result of her own prior EEO activity (EEOC Charge Number 31C-2023-00711) on April 5, 2023 and thereafter.

23. The City of Laredo also retaliated against her for engaging in protected activity, including but not limited to:

    **(a)**     Filing an ethics complaint against upper management;

    **(b)**     Participating in a female co-worker's discrimination complaint; and

    **(c)** Speaking out on matters of public concern related to Defendant's unethical practices.

24. Defendant's adverse actions, including suspension without pay, altering of Plaintiff's working conditions, conducting unauthorized and retaliatory investigations, interfering with Plaintiff's maternity leave, and terminating her employment, were taken because of Plaintiff's protected activities.

25. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her engagement in protected activities.

26. Plaintiff would show that the retaliatory actions taken against her were motivated by Plaintiff filing a complaint and testifying, assisting, or participating in an investigation or proceeding regarding an unlawful discriminatory practice.

    **(a)** Temporal proximity: Adverse actions occurred within days and weeks of her protected activity;

    **(b)** Knowledge: The decision-makers were aware of Plaintiff's protected activity; and

    **(c)** Departure from established policy: Defendant disregarded established law, city policies, and ethical guidelines in handling Plaintiff's complaints and terminating her.

27. Plaintiff Elizondo alleges that the City of Laredo's adverse employment actions were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

## VII. <u>DAMAGES</u>

**28.** Plaintiff has suffered and continues to suffer the following damages as a direct and proximate result of the Defendant's unlawful conduct described hereinabove:

**(a)** Backpay from the date that Plaintiff was suspended for ten days beginning February 10, 2023 and then the date her termination became effective on January 19, 2024;

**(b)** Front pay in an amount the Court deems just and equitable and necessary to make;

**(c)** Emotional pain and mental anguish;

**(d)** Loss of enjoyment of life;

**(e)** Reputational harm;

**(f)** Liquidated damages under the FMLA;

**(g)** Punitive damages to the extent permitted by law;

**(h)** All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the United States Court of Appeals for the Fifth Circuit and the Supreme Court, as the Court deems equitable and just as provided by 29 U.S.C. §2617(c); 42 U.S.C.; §1988; and/or 42 U.S.C. §2000e *et seq*.

**(i)** Inconvenience;

**(j)** Pre and Post judgment interest;

**(k)** Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;

**(l)**   Reasonable and necessary medical care and expenses which plaintiff Elizondo will in all reasonable probability be incurred in the future;

**(m)**   Loss of earning capacity which will, in all probability, be incurred in the future;

**(n)**   Loss of benefits; and

**(o)**   Expert fees as the Court deems appropriate;

**(p)**   All reasonable and necessary costs incurred in pursuit of this suit; and

**(q)**   Such other relief as the Court deems just and proper.

## VIII.   **EXEMPLARY DAMAGES**

**29.**   Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as may be permitted by law.

## IX.   **SPECIFIC RELIEF**

**30.**   Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

**(a)**   Rehire Plaintiff; and

**(b)**   Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

# PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Karina Elizondo, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Edward L. Piña*
**EDWARD L. PIÑA**
Attorney at Law
State Bar No. 16011352
Edward L. Pina & Associates, P.C.
***The Ariel House***
8118 Datapoint Drive
San Antonio, Texas 78229-3268
(210) 614-6400 Telephone
(210) 614-6403 Telecopier
Email: epina@arielhouse.com
**ATTORNEY FOR PLAINTIFF
KARINA ELIZONDO**